**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE | § | CASE NO. 09-70148-hdh-13 |
| | § | |
| **CAYCIE CARR FOWLER,** | § | |
| | § | |
| Debtor. | § | Chapter 13 |

### TRIAD FINANCIAL SERVICES, INC.'S MOTION TO LIFT AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND MOTION FOR RELIEF FROM CO-DEBTOR STAY OF 11 U.S.C. § 1301

TO THE HONORABLE HARLIN DEWAYNE HALE, UNITED STATES BANKRUPTCY JUDGE:

1.     This Motion to Lift the Automatic Stay Against Property Under 11 U.S.C. §362 an Motion for Relief from Co-Debtor Stay of 11 U.S.C. § 1301 is filed on behalf of TRIAD FINANCIAL SERVICES, INC. ("TRIAD"), pursuant to 11 U.S.C. §362(d)(1), for cause, by reason of a lack of adequate protection of Triad's rights as a secured creditor; and, alternatively, pursuant to 11 U.S.C. §362(d)(2) by reason of the Debtor's lack of equity in the goods and merchandise described in the attached Exhibit "A".

2.     This Motion is further filed pursuant to Bankruptcy Rule 9014 and constitutes a contested matter thereunder.

3.     Debtor, Caycie Carr Fowler, filed this matter as a Chapter 13 case on April 1, 2009.

4.     Triad is a secured creditor of the Debtor with respect to the goods and merchandise described in Exhibit "A." Specifically, on or about April 30, 2007, the Debtor purchased a 2007 Clayton Mobile Home, Model Number 94LST30683AH07LS, Serial Number BRK000773TXAB (the "Collateral") from Triad.

1

5. Although the Debtor, Caycie Carr Fowler, has filed for Chapter 13 bankruptcy, she is still in possession of the Collateral, or has access to the Collateral which was purchased with a co-borrower, Mark Fowler.

6. The Debtor executed a Sales Contract regarding the Collateral. A true and correct copy of such Sales Contract is attached hereto and incorporated herein for all purposes as <u>Exhibit "A"</u>.

7. Triad is the owner and holder of said Sales Contract and, thereby, has a prior and perfected security interest in and to the Collateral.

8. Triad is unaware of any other liens that exist on the Collateral.

9. The Debtor was in default prior to the filing of the instant bankruptcy action and has remained delinquent in payments post-petition.

10. During this time period, the Debtor has had full use of the Collateral.

11. The Collateral has and continues to depreciate rapidly in value. Additionally, Triad has been unable to verify insurance coverage in the Collateral. Lack of insurance coverage does not adequately protect Triad's security interest and represents "cause" to lift the stay.

12. As of August 28, 2009, the total amount of the underlying obligation is $95,947.07, which includes earned interest as of that date. Triad estimates that the fair market value of the Collateral is $90,884.63 as of August 28, 2009. Therefore, the Debtor has no equity in the Collateral. Triad has not been offered adequate protection for its interest in the Collateral.

13. On information and belief, Debtor intends to surrender the Collateral to Triad so that Triad may foreclose its security interest in same. Triad therefore asserts that "cause" exists under 11 U.S.C. § 362(d)(1) to lift the Automatic Stay to permit Triad to take possession of the Collateral and foreclose its interest in such Collateral. By agreement with the Debtor and her counsel, Triad's actions

against Debtor shall be *in rem* only as to the Collateral, and Triad shall not pursue any claim for deficiency against Debtor *in personam* other than through this bankruptcy proceeding.

14. If Triad is not permitted to take possession of the Collateral and foreclose its security interest, it will suffer injury, loss, and damage.

15. The Co-Debtor, Mark Fowler, is not a debtor in the above-styled bankruptcy. However, pursuant to 11 U.S.C. § 1301(a), Triad may not act, or commence or continue any civil action, to collect all or any part of the above-referenced debt from the Co-Debtor, or to take possession of his interest in the Collateral, without first having such automatic stay lifted.

16. Pursuant to 11 U.S.C. § 362(d)(1) & (7) and 11 U.S.C. § 1301(c)(2), Triad requests relief from the stay each of the parties as set forth herein, including the Co-Debtor pursuant to 11 U.S.C. § 1301(a) so that Triad may pursue its secured claim against the secured Collateral and the Co-Debtor, Mark Fowler, under the Sales Contract and Texas state law.

17. Triad is entitled to relief from the automatic stay and the grant of an Order Lifting the Automatic Stay so as to permit Triad to repossess the Collateral, to sell or otherwise dispose of the Collateral, and to apply the proceeds against the outstanding indebtedness, less all unearned interest and less all other charges which have not yet become due and payable, owed by Debtor pursuant to the Sales Contract. Without the granting of the relief sought, Triad cannot receive adequate protection of its security interest in and to the Collateral.

WHEREFORE, PREMISES CONSIDERED, Triad Financial Services, Inc., a secured party, respectfully prays for an Order Lifting the Automatic Stay so as to permit Triad to repossess immediately and sell or otherwise dispose of the Collateral, and to apply the proceeds from the sale or other disposition against the outstanding indebtedness, less all unearned interest and other charges which have not yet become due and payable, owed by the Debtor and Co-Debtor under the Sales Contract. Triad

prays that the stay be immediately lifted upon entry of an Order Lifting the Automatic Stay notwithstanding F.R.B.P. Rule 4001(a)(3); and that the Court grant such other and further relief, at law or in equity, to which Triad may show itself justly entitled.

DATED: September 22, 2009.

Respectfully submitted,

**CARY & LIPPINCOTT, PLLC.**
700 Lavaca Street, Suite 1030
Austin, Texas 78701
Telephone: (512) 472-2300
Telecopier: (512) 472-2303


By: /s/ Cynthia W. Veidt_____
    Erik E. Cary
    State Bar No. 03953000
    Cynthia W. Veidt
    State Bar No. 24028092

**ATTORNEYS FOR MOVANT**


## NOTICES

**Pursuant to Local Rule 4011(b), the Trustee (if one has been appointed) or the Debtor shall file an Answer to any Motion for Relief from the Automatic Stay within twelve (12) days from the service of the Motion. The Debtor's Answer shall include a detailed and comprehensive statement as to how the Movant can be "adequately protected" if the stay is to be continued. If the Debtor does not file an Answer as required, the allegations in the creditor's Motion for Relief from the Automatic Stay shall be deemed admitted, unless good cause is shown why these allegations should not be admitted, and an Order granting the relief sought may be entered by default.**

CERTIFICATE OF CONFERENCE

      I hereby certify that, prior to filing the foregoing Motion, Movant and Debtor reached an agreement concerning the Motion, or Debtor agreed to the relief sought in the Motion. Therefore, this Motion is presented to the Court for determination.

                                        /s/ Cynthia W. Veidt_____
                                        Cynthia W. Veidt

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing Motion to Lift the Automatic Stay of Act under 11 U.S.C. § 362 and Motion for Relief from Co-Debtor Stay of 11 U.S.C. § 1301 has been sent by United States mail, postage prepaid, or by electronic filing notification, on the 22nd day of September, 2009 to:

| | |
|---|---|
| DEBTOR | TRUSTEE |
| Caycie Carr Fowler | United States Trustee |
| 3619 W. Rathgeber | 1100 Commerce Street, Room 976 |
| Wichita Falls, TX 76310 | Dallas, TX 75242 |
| | |
| CO-DEBTOR | CHAPTER 13 TRUSTEE |
| Mark Fowler | Walter O'Cheskey |
| 3619 W. Rathgeber | 6308 Iola Avenue |
| Wichita Falls, TX 76310 | Lubbock, TX 79424 |
| | |
| DEBTOR'S COUNSEL | CREDITOR (ARCHER COUNTY) |
| Monte J. White | Sherrel K. Knighton |
| 1106 Brook Ave., Hamilton Place | Linebarger Goggan Blair & Sampson, LLP |
| Wichita Fallas, TX 76301 | 2323 Bryan Street, Suite 1600 |
| | Dallas, TX 75201 |

                                        /s/ Cynthia W. Veidt_____
                                        Cynthia W. Veidt
                                        Attorney for Creditor